United States District Court
Southern District of Texas
**ENTERED**
August 10, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re SEADRILL LIMITED, *et al.*, | § § | |
| Debtors. | § § § | CIVIL ACTION NO. 4:22-CV-3267 |
| COREY KIMBLE, *et al.*, | § § | ADVERSARY CASE NO. 21-3448 |
| Appellants. | § § § | |

## MEMORANDUM OPINION AND ORDER

This is a bankruptcy appeal. The appellant, Corey Kimble ("Kimble"), is a former employee of one of the debtors, Seadrill Americas, Inc.[1] Kimble filed an adversary complaint in which he, on behalf of a putative class, accused Seadrill of violating the Worker Adjustment Retraining and Notification Act ("the WARN Act"). Because Kimble also filed and then withdrew a class proof of claim in Seadrill's bankruptcy, the bankruptcy court granted Seadrill's motion for judgment on the pleadings and dismissed Kimble's adversary proceeding with prejudice. Kimble is appealing that dismissal, and the Court **VACATES** the bankruptcy court's judgment and **REMANDS** to the bankruptcy court for reconsideration in light of this opinion. *See In re TWL Corp.*, 712 F.3d 886, 900–01 (5th Cir. 2013) (vacating bankruptcy court's orders denying class certification and dismissing an adversary complaint and remanding for entry of more thorough findings of fact and conclusions of law).

---

[1] Seadrill Americas, Inc. is one of several affiliated debtors, and the Court will refer to them collectively as "Seadrill."

## I.   BACKGROUND

Seadrill filed a voluntary Chapter 11 bankruptcy petition on February 10, 2021. (Dkt. 2-8 at pp. 1–25). The bankruptcy court entered an order setting June 14, 2021 as the claims bar date. (Dkt. 2-8 at pp. 303–04, 314). On the claims bar date, Kimble filed two documents. The first document was an adversary complaint in which Kimble sought to represent a class of former employees of Seadrill who had allegedly been terminated in violation of the WARN Act.[2] (Dkt. 2-6 at pp. 1–32). The second document was a proof of claim form that Kimble filed in Seadrill's bankruptcy proceeding. (Dkt. 9 at p. 26). Kimble's proof of claim form listed the current creditor as "Corey Kimble as Class Claimant[;]" listed the basis of the claim as "violations of the [WARN] Act[;]" and included Kimble's adversary complaint as supporting documentation. (Dkt. 9 at pp. 5–26).

Kimble filed a jury demand in his adversary proceeding, and the demand indicated that he "d[id] not consent to having a jury trial conducted by a bankruptcy judge[.]" (Dkt. 2-6 at pp. 45–46). Seadrill moved to strike Kimble's jury demand, arguing that there is no right to a jury trial under the WARN Act and that, regardless, Kimble had waived any right to a jury trial by filing his proof of claim in Seadrill's bankruptcy. (Dkt. 2-6 at pp. 62–70). On August 18, 2021, Kimble withdrew his proof of claim. (Dkt. 2-6 at p. 97). Kimble then contended in his response to Seadrill's motion to strike that the withdrawal of the proof of claim "revived his right to a trial by jury[.]" (Dkt. 2-6 at p. 90). Two months later, on

---

[2] "The WARN Act prohibits an employer from ordering a plant closing or mass layoff until the end of a sixty-day period after the employer serves written notice of such an order to affected employees." *Easom v. US Well Services, Inc.*, 37 F.4th 238, 241 (5th Cir. 2022) (quotation marks and brackets omitted).

October 11, 2021, Kimble filed a motion to withdraw the reference to the bankruptcy court.[3] (Dkt. 2-6 at pp. 99–105). In his motion to withdraw the reference, Kimble argued that withdrawal of the reference to bankruptcy court was mandatory for two independent reasons: (1) he had pled claims under the WARN Act; and (2) he "ha[d] demanded a trial by jury" and had "not consent[ed] to a jury trial before the bankruptcy court[.]" (Dkt. 99–105).

On October 26, 2021, the bankruptcy court entered an order confirming Seadrill's reorganization plan. (Dkt. 2-18 at pp. 131–263). The confirmation order contained injunction and discharge language that took effect on February 22, 2022, the effective date of the plan. (Dkt. 2-18 at pp. 165–68, 264). The injunction and discharge language provided that Seadrill's reorganization plan effectuated a "complete satisfaction, discharge, and release . . . of Claims . . . , Interests, and Causes of Action of any nature whatsoever" and enjoined "all Entities" from pursuing released claims. (Dkt. 2-18 at pp. 165–68).

On May 24, 2022, three months after Seadrill's reorganization plan took effect, the bankruptcy court held a hearing on several motions, including Kimble's motion to withdraw the reference to the bankruptcy court and Seadrill's motion to strike the jury

---

[3] Many federal district courts, including this one, have issued general orders of reference that refer all bankruptcy cases and proceedings to the bankruptcy court. *See In re American Community Services, Inc.*, 86 B.R. 681, 684 (D. Utah 1988); *In re All-Tex Staffing & Personnel, Inc.*, 599 B.R. 289, 301 (Bankr. S.D. Tex. 2019). 28 U.S.C. § 157(d) allows a district court to withdraw the reference of a particular bankruptcy case or proceeding to the bankruptcy court and exercise its original jurisdiction over the matter. *In re American Community*, 86 B.R. at 685. In this district, motions to withdraw the reference are typically presented to the presiding bankruptcy judge for recommendation before they are presented to the district court. *Levine v. M&A Custom Home Builder & Developer, LLC*, 400 B.R. 200, 206 n.1 (S.D. Tex. 2008). The statutes and caselaw have set out standards that courts use to determine when withdrawal is appropriate. *Id.* at 202–03.

demand in Kimble's adversary proceeding. (Dkt. 2-7 at pp. 45–117). During the hearing, the bankruptcy court expressed concern that Kimble, by filing and withdrawing his proof of claim in the manner in which he did, had waived his right to a jury trial in his adversary proceeding under *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989), and its progeny[4] and had perhaps closed off other avenues of possible recovery under the language of Seadrill's reorganization plan. The bankruptcy court first noted in its discussion with Seadrill's counsel that it was construing Kimble's adversary complaint as an informal proof of claim,[5] even though Kimble had timely filed both his adversary complaint and his proof of claim:

> And also I've always wondered if you withdraw a proof of claim—because the proof of claim actually takes precedent over any informal proof of claim, which is what the lawsuit is. And forget for a second whether or not that lawsuit could be filed at all—and you haven't really objected to that, and maybe there's no reason to object to it. But the proof of claim takes precedent over an informal proof of claim. I think that's black letter law.
>
> So if the proof of claim has been withdrawn, does that now mean there's just nothing there? And is the lawsuit—because of the withdrawal of that claim,

---

[4] In *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989), and *Langenkamp v. Culp*, 498 U.S. 42 (1990), the Supreme Court analyzed whether bankruptcy creditors were entitled to jury trials in avoidance actions brought by bankruptcy trustees. In *Granfinanciera*, the creditors had not filed proofs of claim in the bankruptcy and were accordingly entitled to a jury trial. *Granfinanciera*, 492 U.S. at 36–37, 58–59 & n.14. In *Langenkamp*, on the other hand, the creditors *had* filed proofs of claim in the bankruptcy and were accordingly *not* entitled to a jury trial. *Langenkamp*, 498 U.S. at 44–45 ("In *Granfinanciera* we recognized that by filing a claim against a bankruptcy estate the creditor triggers the process of allowance and disallowance of claims, thereby subjecting himself to the bankruptcy court's equitable power. . . . As such, there is no Seventh Amendment right to a jury trial.") (quotation marks omitted).

[5] "In order to prevent the harsh result that can occur when a creditor misses a claims bar date, the courts have developed the doctrine of the 'informal proof of claim[.]'" *In re Scott*, 227 B.R. 832, 833–34 (Bankr. S.D. Ind. 1998). Under that doctrine, "courts have deemed something other than a proof of claim to be an 'informal proof of claim' which may be amended." *Id*. (quoting 9 *Collier on Bankruptcy*, paragraph 3001.06(1)).

> is that lawsuit somehow estopped from proceeding because there's no claim against the debtor?
>
> Dkt. 2-7 at p. 83.

The bankruptcy court then explained to Kimble's counsel:

> I'm worried about in your effort to escape me that you've really done something to your clients because of the plan language. And I'm trying to figure out the meaning of where you file a proof of claim, you then withdraw it, and the effect of not having a proof of claim on file does to your lawsuit.
>
> . . .
>
> The hard thing is where the proof of claim is the lawsuit, and the proof of claim is withdrawn after the lawsuit is filed, and done—and again, I'm not complaining. I mean, I'm sure I did it, too, in my days of standing where you are now, is when you're trying to pick your forum, you know, you make those decisions. I got all that.
>
> This is not a bad faith/good faith issue. I'm just trying to work my way through what the outcome is. Because, again, I'm bothered by the fact that when you start walking through this, even if I accept your premise all the way up to the filing of the adversary, you've walked down a really dangerous path in terms of what the effects are.
>
> And I just—I'm worried about that, because quite frankly, if your clients are owed money, I want them to be paid. And again, I'm worried that you've somehow affected their ability to recover by a shortsighted view of we really don't want to be in front of [the bankruptcy court], we want to be in front of a district court, you know, because it's a different mindset. I got all of that. But I'm troubled by it, just because I'm trying to understand what it means.
>
> But—I mean, you understand the waiver argument that came out of *Granfinanciera*, right? I mean, it's—you understand the waiver argument that came out of *Granfinanciera*, right? That's—no question about what that says?
>
> Dkt. 2-7 at pp. 85, 87–88.

Kimble's counsel told the bankruptcy court that he understood the *Granfinanciera* waiver argument and would "have to give that some careful thought." (Dkt. 2-7 at p. 88).

The bankruptcy court took the matters under advisement and offered to reserve its rulings until the parties had had an opportunity to confer and attempt to resolve the outstanding issues. (Dkt. 2-7 at pp. 113–17). The parties filed two stipulations over the next two months. On June 28, 2022, the parties jointly filed a stipulation in which Kimble expressly waived his right to a jury trial in the adversary proceeding:

> Kimble hereby irrevocably waives his right to trial by jury on the [WARN Act claim that Kimble brought in his adversary proceeding] in all forums and withdraws his Jury Demand with prejudice.
> Dkt. 2-7 at pp. 123–25.

On July 22, 2022, the parties jointly filed a stipulation abating Kimble's motion to withdraw the reference[6] until the parties could brief and argue a motion to dismiss Kimble's adversary proceeding under Federal Rule of Civil Procedure 12 that Seadrill intended to file. (Dkt. 2-7 at pp. 137–39).

After the parties filed their stipulations, Seadrill filed a motion for judgment on the pleadings under Rule 12(c). (Dkt. 2-7 at pp. 147–61). Seadrill's argument for dismissal of Kimble's adversary proceeding was effectively summarized in the motion's closing paragraph:

> Kimble filed the Proof of Claim and Complaint seeking to recover on the same claims. [Kimble] then relinquished his right to recover on those claims by withdrawing the Proof of Claim and failing to file a valid request for administrative payment. [Seadrill's confirmed reorganization plan] discharged the claims asserted in [the] Complaint and the discharge has a final, preclusive effect. Kimble is not entitled to recover on his claim and is

---

[6] The July 22, 2022 stipulation acknowledged that one of Kimble's two asserted grounds for withdrawal—his jury demand—was rendered moot by his prior express waiver of his right to a jury trial. (Dkt. 2-7 at p. 139). The stipulation preserved Kimble's other argument for withdrawal, which was that withdrawal was mandatory because Kimble had pled claims under the WARN Act. (Dkt. 2-7 at p. 139).

> enjoined from continuing to prosecute the Complaint. The Complaint should immediately be dismissed with prejudice.
> Dkt. 2-7 at p. 161.

Kimble responded to Seadrill's Rule 12 motion with five arguments: (1) Seadrill was "judicially estopped" from claiming that "Kimble's claims [we]re impaired by the company's bankruptcy proceeding" because Seadrill had previously represented to the bankruptcy court that a different adversary proceeding "w[as] not impaired" by the company's bankruptcy proceeding and "could have been filed in the district court[;]" (2) dismissal was inappropriate because Kimble had modeled his litigation strategy on that of the plaintiff in *In re TWL Corp.*, 712 F.3d 886 (5th Cir. 2013); (3) the injunction and discharge language contained in Seadrill's reorganization plan did not bar Kimble's WARN Act claims because "the filing of legal actions *within* the bankruptcy court do[es] not violate . . . orders of a bankruptcy court[;]" (4) Seadrill had waived the affirmative defense of res judicata; and (5) in the alternative, Kimble's adversary complaint qualified as an informal proof of claim that had not been withdrawn. (Dkt. 2-7 at pp. 165–75; emphasis in Kimble's briefing).

The bankruptcy court held a hearing on Seadrill's motion for judgment on the pleadings. (Dkt. 9 at pp. 28–44). After hearing the parties' arguments, the bankruptcy court granted Seadrill's motion and dismissed Kimble's adversary proceeding with prejudice, agreeing with Seadrill that Kimble had lost his right to recover on his WARN Act claims by withdrawing his proof of claim:

> The issue then becomes how do you treat the actions that happened in the adversary. Adversary was filed. There was then an attempt—or there was a withdrawal of the proof of claim. The issue is what did that mean. Now,

> clearly, it was not following another case. It was a deliberate attempt to divest this Court of jurisdiction by being able to assert a jury trial right. That's the only reason it was done.
>
> . . .
>
> Here, you have an adversary on file. You then have the withdrawal of the proof of claim that is based upon the adversary. It can only mean one thing. Again, I also get to consider the purpose for which it was filed. The discharge injunction says what it says. There isn't a genuine dispute about what it means, what the effective date means, how this process all works.
>
> For those reasons, and those are my findings and conclusions on the record pursuant to Bankruptcy Rule 7052, the motion for judgment on the pleadings is granted.
>
> Dkt. 9 at pp. 42–43.

The bankruptcy court signed an order memorializing its bench ruling, but neither the bench ruling nor the signed order cited any legal authority. (Dkt. 2-7 at p. 197). Kimble filed this appeal. (Dkt. 2-7 at p. 203).

## II.  BANKRUPTCY APPEALS AND RULE 12(c)

Federal district courts have jurisdiction to hear appeals from the final judgments of bankruptcy judges. 28 U.S.C. § 158(a). An appeal to a district court from the bankruptcy court "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts[.]" 28 U.S.C. § 158(c)(2). This Court reviews the bankruptcy court's legal conclusions *de novo* but may only disregard a fact finding made by the bankruptcy court if that fact finding is clearly erroneous. *In re Perry*, 345 F.3d 303, 309 (5th Cir. 2003).

In this case, the bankruptcy judge granted Seadrill's motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). (Dkt. 2-7 at p. 197). The standard

for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). A complaint can be dismissed under Rule 12(b)(6) if the factual allegations it contains, taken as true, do not state a claim that is plausible on its face. *Amacker v. Renaissance Asset Mgmt., LLC*, 657 F.3d 252, 254 (5th Cir. 2011). As the Fifth Circuit has further clarified:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. This includes the basic requirement that the facts plausibly establish each required element for each legal claim. However, a complaint is insufficient if it offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action.
> *Coleman v. Sweetin*, 745 F.3d 756, 763–64 (5th Cir. 2014) (quotation marks and citations omitted).

When considering a motion to dismiss under Rule 12(b)(6), the Court's review is limited to the complaint; any documents attached to the complaint; any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint; and matters subject to judicial notice under Federal Rule of Evidence 201. *Allen v. Vertafore, Inc.*, 28 F.4th 613, 616 (5th Cir. 2022); *George v. SI Group, Inc.*, 36 F.4th 611, 619 (5th Cir. 2022). Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011).

### III. ANALYSIS

On appeal, Kimble raises the same arguments that he raised before the bankruptcy court. At this juncture, the Court need only discuss some of those arguments. To summarize its discussion below, the Court does not agree with Kimble's contention that Seadrill was

judicially estopped from arguing that Kimble's withdrawal of his proof of claim barred his recovery. The Court further disagrees with Kimble's contention that Seadrill waived the ability to argue res judicata. Moreover, the Court concludes, as did the bankruptcy court, that Kimble submitted to the bankruptcy court's jurisdiction by filing a proof of claim. However, it is unclear to the Court why Kimble's withdrawal of his proof of claim mandated, as a matter of law, dismissal with prejudice of his adversary proceeding.

—*Judicial estoppel*

Kimble first contends that the Court should reverse the bankruptcy court because "Seadrill is judicially estopped from claiming that Kimble's claims were impaired by its bankruptcy petition." (Dkt. 6 at p. 16). The Court disagrees.

i. The judicial estoppel doctrine

Judicial estoppel "is an equitable doctrine invoked by a court at its discretion" for the purpose of "protect[ing] the integrity of the judicial process." *New Hampshire v. Maine*, 532 U.S. 742, 749-50, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001) (internal quotation marks omitted). "[T]he Supreme Court has refused to establish inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel . . . ." *Reed v. City of Arlington*, 650 F.3d 571, 574 (5th Cir. 2011) (en banc) (internal quotation marks omitted); *see also* Wright & Miller, Preclusion of Inconsistent Positions—Judicial Estoppel, 18B Fed. Prac. & Proc. Juris. § 4477 (2d ed. 2015) ("[Courts focus on] whether allowing a party to take seemingly inconsistent positions in separate actions would enable the party to gain an unfair advantage."); 18 James Wm. Moore et al., Moore's Federal

Practice § 134.31 at 73 (3d ed. 2011) ("[The doctrine] should be applied flexibly, with an intent to achieve substantial justice.").

In determining whether to apply the judicial estoppel doctrine, courts may consider whether: "(1) the party against whom judicial estoppel is sought has asserted a legal position which is plainly inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently." *Reed*, 650 F.3d at 574. However, "[b]ecause judicial estoppel is equitable in nature, trial courts are not required to apply it in every instance that they determine its elements have been met." *United States ex rel. Long v. GSDMIdea City, L.L.C.*, 798 F.3d 265, 271 (5th Cir. 2015) (emphasis removed). Rather, courts should determine if applying judicial estoppel is appropriate after considering the specific facts of each case and the doctrine's purposes of "protect[ing] the integrity of the judicial process," preventing litigants from "playing fast and loose with the courts," and avoiding unfair results and unseemliness. *Id.* at 271–72; *see also Reed*, 650 F.3d at 574; *In re Coastal Plains, Inc.*, 179 F.3d 197, 205–06 (5th Cir. 1999). "The doctrine is generally applied where intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice." *In re Coastal Plains*, 179 F.3d at 206 (quotation marks omitted). Notably, "the doctrine is intended to protect the judicial system, *rather than the litigants*[.]" *Id.* at 205 (emphasis in *In re Coastal Plains*).

    ii.    <u>Kimble's contentions</u>

Kimble argues that Seadrill has asserted positions in this case that are inconsistent with positions that it took in a different adversary proceeding, *Fields v. Seadrill Americas,*

*Inc.*, Southern District of Texas bankruptcy case number 21-3445. Specifically, in *Fields*, Seadrill jointly moved with the plaintiff to withdraw the reference of that matter to the bankruptcy court; in their joint motion, the parties explained to the bankruptcy court that:

> Plaintiff filed the instant adversarial proceeding against [Seadrill] on June 14, 2021, alleging that [Seadrill is] liable to Plaintiff for damages under Title VII and 42 U.S.C. § 1981. Because Plaintiff has a right to a jury trial as to certain claims and has demanded the same, Fifth Circuit precedent requires that the reference be withdrawn. Additionally, Plaintiff's claims are for conduct that allegedly occurred after the bankruptcy petition was filed. Furthermore, Plaintiff's claims were not required to have been brought before [the bankruptcy court], but rather, could have been properly asserted in the United States District Court for the Southern District of Texas[.] Finally, the Plaintiff and [Seadrill] have agreed that justice would be served by a transfer to the District Court.
> Dkt. 2-22 at p. 7.

Kimble contends that, having previously taken the stance that transfer of the *Fields* case to the district court was appropriate because the *Fields* plaintiff was suing for alleged post-bankruptcy-petition conduct, Seadrill cannot now stand by its assertion that the bankruptcy court properly dismissed Kimble's claims, which are also based on alleged post-bankruptcy-petition conduct. (Dkt. 6 at pp. 15–16).

    iii.    <u>Analysis</u>

The Court disagrees with Kimble. The Court will not apply the doctrine of judicial estoppel under these circumstances,[7] and the bankruptcy court did not abuse its discretion in refusing to do so. There is at least one potentially crucial factual difference between this case and *Fields*, and on account of that distinction there is "no genuine inconsistency"

---

[7] "[A] court, even an appellate court, may raise [judicial] estoppel on its own motion in an appropriate case." *Matter of Cassidy*, 892 F.2d 637, 641 (7th Cir. 1990).

between Seadrill's position in *Fields* and its position here. *See DK Joint Venture 1 v. Weyand*, 649 F.3d 310, 318 (5th Cir. 2011) (declining to apply judicial estoppel to a party who moved to compel arbitration in one case and resisted arbitration in another case because the facts of the cases differed on the issue of whether the parties resisting arbitration were signatories to the contracts containing the arbitration provisions).

To reiterate, Seadrill's argument for dismissal of Kimble's adversary proceeding, as summarized in its motion for judgment on the pleadings, was this:

> Kimble filed the Proof of Claim and Complaint seeking to recover on the same claims. [Kimble] then relinquished his right to recover on those claims by withdrawing the Proof of Claim and failing to file a valid request for administrative payment. [Seadrill's confirmed reorganization plan] discharged the claims asserted in [the] Complaint and the discharge has a final, preclusive effect. Kimble is not entitled to recover on his claim and is enjoined from continuing to prosecute the Complaint. The Complaint should immediately be dismissed with prejudice.
> Dkt. 2-7 at p. 161.

Seadrill represents in its brief that the *Fields* plaintiff, by contrast, has not withdrawn his proof of claim; and Kimble does not contest that representation. (Dkt. 11 at p. 16). In other words, Seadrill fundamentally based its argument for dismissal of Kimble's adversary proceeding on a fact—Kimble's withdrawal of his proof of claim after the June 14, 2021 claims bar date—that is not present in the *Fields* case. Considering this possibly critical factual distinction between the two cases, there is "no genuine inconsistency" between Seadrill's position in *Fields* and its position here, and the Court will neither apply the doctrine of judicial estoppel nor reverse the bankruptcy court for refusing to do so. *Id.*

        —*Res judicata*

Kimble also contends that Seadrill waived its res judicata defense by failing to plead it. On this record, the Court disagrees. As Seadrill points out, Fifth Circuit caselaw allows courts to raise the res judicata issue *sua sponte* in two sets of circumstances, either one of which is sufficient: (1) where the two actions involved in the res judicata analysis were brought before the same court; and (2) where all of the relevant facts are contained in the record and all are uncontroverted. *Mowbray v. Cameron County, Texas*, 274 F.3d 269, 281 (5th Cir. 2001). Here, the bankruptcy court presided over all of the relevant proceedings and based its decision on uncontroverted procedural facts that were contained in the record before it. Accordingly, the bankruptcy court was empowered to raise the res judicata issue despite Seadrill's failure to plead it.

        —*The bankruptcy court's jurisdiction*

At oral argument before the bankruptcy court, Kimble's counsel stated that "the formal proof of claim that was withdrawn is a legal nullity." (Dkt. 2-7 at p. 89). To the extent that Kimble asserts that the withdrawal of his proof of claim removed his adversary proceeding from the reach of the bankruptcy court's equity jurisdiction, the Court disagrees.

By filing a proof of claim, Kimble triggered the process of allowance and disallowance of claims and, as a result, submitted to the bankruptcy court's equity jurisdiction. *Langenkamp v. Culp*, 498 U.S. 42, 44–45 (1990); *see also In re Covia Holdings Corp.*, No. 20-3345, 2022 WL 2975078, at *3 (Bankr. S.D. Tex. July 7, 2022), *adopted*, 2022 WL 2972276 (S.D. Tex. July 27, 2022) ("[W]hen a litigant files a proof of

claim, it submits the resolution of all matters related to the resolution of that proof of claim to the [bankruptcy court's] equitable power and transforms what was a legal dispute into an equitable proceeding."). Withdrawing the proof of claim did not revoke that jurisdictional election. *See In re GYPC, Inc.*, No. 17-31030, 2021 WL 5016129, at *3 (Bankr. S.D. Ohio Oct. 25, 2021) ("Cummings' choice to submit to this court's equitable jurisdiction cannot be undone."); *Seven Counties Services, Inc. v. NextGen Healthcare Information Systems, Inc.*, No 3:14-CV-330, 2014 WL 3941789, at *2 (W.D. Ky. Aug. 12, 2014) ("A creditor may retain its right to a jury trial only if the Proof of Claim is withdrawn prior to the filing of an adversary proceeding against it. . . . Despite its attempt to un-ring the bell, NextGen has consented to bankruptcy court jurisdiction and has no ground to procure withdrawal of the reference by this court."); *In re Kimball Hill, Inc.*, 480 B.R. 894, 904 (Bankr. N.D. Ill. 2012) ("As Wisenbaker did file proofs of claim against certain of the Debtors, it is within the court's authority to consider the Second Amended Complaint in resolving the liability of those claims. Wisenbaker may not withdraw those claims merely to defeat this court's authority.") (citation omitted); *In re EXDS, Inc.*, 301 B.R. 436, 440 (Bankr. D. Del. 2003) ("Given the unequivocal language of *Langenkamp* . . . as to the effect of filing a proof of claim, I do not believe that a creditor can, for strategic reasons, reverse the result it triggered by filing a proof of claim by later withdrawing the claim."). The bankruptcy court had jurisdiction over Kimble's adversary proceeding notwithstanding Kimble's withdrawal of his proof of claim.

> *—Construction of Kimble's adversary complaint as an informal proof of claim*

All that said, it is unclear to the Court why Kimble's withdrawal of his proof of claim mandated, as a matter of law, dismissal with prejudice of his adversary proceeding. At the hearing on Seadrill's motion to strike Kimble's jury demand, the bankruptcy court noted that it was construing Kimble's adversary complaint as an informal proof of claim, even though Kimble had timely filed both his adversary complaint and his proof of claim. This construction of the complaint evidently formed the cornerstone of the bankruptcy court's analysis:

> And also I've always wondered if you withdraw a proof of claim—because the proof of claim actually takes precedent over any informal proof of claim, which is what the lawsuit is. And forget for a second whether or not that lawsuit could be filed at all—and you haven't really objected to that, and maybe there's no reason to object to it. But the proof of claim takes precedent over an informal proof of claim. I think that's black letter law.
>
> So if the proof of claim has been withdrawn, does that now mean there's just nothing there? And is the lawsuit—because of the withdrawal of that claim, is that lawsuit somehow estopped from proceeding because there's no claim against the debtor?
> Dkt. 2-7 at p. 83.

The bankruptcy court did not write an opinion and did not cite any caselaw. In arguing for affirmance of the bankruptcy court's ruling, Seadrill tries to fill the gap by contending that, because Kimble "concedes" that his adversary complaint "amounted to an informal proof of claim," Kimble's formal proof of claim "superseded, replaced, or amended his [adversary] Complaint as a means to recover against the [bankruptcy] estate." (Dkt. 11 at p. 19).

The Court does not see any point in the record where Kimble concedes that his adversary complaint constituted a superseded informal proof of claim. In support of that contention, Seadrill cites to page 12 of Kimble's appellate brief. (Dkt. 11 at p. 19). But Kimble does not make any such admission on that page of his brief; rather, on page 12 of his brief Kimble argues, in the alternative, that if the Court agrees with the bankruptcy court that Kimble's adversary proceeding could not survive without a proof of claim being on file, then the Court should reverse and remand with instructions to the bankruptcy court to construe Kimble's adversary complaint as a timely informal proof of claim. (Dkt. 6 at p. 20). Kimble gives no indication that he concedes the accuracy of the bankruptcy court's characterization of his adversary complaint as an informal proof of claim.

To the contrary, by all appearances Kimble did not want his adversary proceeding to be construed as an informal proof of claim and does not think that it should have been. Kimble explains in his brief (and explained to the bankruptcy court) that he modeled his litigation strategy after that of the plaintiff in *In re TWL Corp.*, 712 F.3d 886 (5th Cir. 2013). (Dkt. 6 at p. 18). In the *TWL* case, a laid-off employee brought a putative class action under the WARN Act against his former employer, the bankruptcy debtor. *In re TWL*, 712 F.3d at 890. The employee filed a class-action adversary complaint and also filed a class proof of claim, creating a "parallel proofs of claim process" that ran alongside the adversary proceeding. *Id.* at 890, 892, 898–900 ("As is evident, to the extent the putative class members have viable WARN Act claims, they also appear to have multiple avenues by which they may press those claims."). The bankruptcy court denied class certification in the adversary proceeding and then dismissed the adversary proceeding under Rule

17 / 19

12(b)(6), in the process providing very little guidance as to its rationale. *Id.* at 889, 900. "Because the reasons for the bankruptcy court's order [we]re unclear," the Fifth Circuit vacated and remanded for reconsideration. *Id.* at 900–01.

It is similarly unclear why, in this case, the "parallel" tracks discussed in the *TWL* case coalesced into one track. The bankruptcy court apparently dismissed Kimble's adversary proceeding because it construed Kimble's adversary complaint as an informal proof of claim that was superseded by Kimble's formal proof of claim, even though there is no indication that Kimble wanted the bankruptcy court to do so. The bankruptcy court did not explain why such a construction was compelled under the circumstances; and, moreover, *TWL* seems to endorse addressing the adversary proceeding and the class proof of claim separately. *Id.* at 890, 892, 898–900; *see also In re Conejo Enterprises, Inc.*, 96 F.3d 346, 349 (9th Cir. 1996) ("[T]he filing of a claim does not consolidate it with the pending [adversary] case (into the claim) even though they are based on the same transaction. Both continue to exist, and must be considered, separately."); *In re Roman Catholic Church of Archdiocese of Santa Fe*, 627 B.R. 916, 922 (Bankr. D.N.M. 2021) ("[S]uing the debtor in bankruptcy court is not equivalent to filing a proof of claim."); *In re Dewey & LeBoeuf LLP*, 487 B.R. 169, 176 (Bankr. S.D.N.Y. 2013) ("The filing of a proof of claim ordinarily does not commence an adversary proceeding, even if priority is also claimed.").

On this record, it is unclear to the Court why Kimble's withdrawal of his proof of claim mandated, as a matter of law, dismissal with prejudice of his adversary proceeding. Accordingly, the Court will vacate the bankruptcy court's judgment and remand the case

so that the bankruptcy court can enter a more thorough explanation of its rationale. *In re TWL*, 712 F.3d at 900–01.

## IV. CONCLUSION

The Court **VACATES** the bankruptcy court's judgment and **REMANDS** to the bankruptcy court for reconsideration in light of this opinion.

SIGNED at Houston, Texas on August 10, 2023.

                                             GEORGE C. HANKS, JR.
                                          UNITED STATES DISTRICT JUDGE